## Commonwealth v. Baker

*J. Stroud Weber*, assistant district attorney, for Commonwealth.

*Victor J. Roberts*, of *High, Swartz, Flynn & Roberts*, for defendant.

DANNEHOWER, J., February 15, 1945.—Defendant is charged with violating subsection (*a*) of section 1025 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, and the Act of June 29, 1937, P. L. 2329, commonly known as "failing to stop at the scene of a motor vehicle accident".

The testimony reveals that in the early morning of January 14, 1944, defendant, accompanied by Mrs. Teresa Perry, wife of a relative, was operating his Ford automobile in the vicinity of 225 Chestnut Street, Ambler, Montgomery County, Pa. In front of the house at that address the unattended automobile of Joseph Paul, Jr., was parked. In backing to make a turn, defendant violently backed into the rear end of the Paul car, damaging the left spring hanger, left rear fender, and rear light to the extent of $34, which was later paid by defendant's insurance carrier.

According to defendant and his passenger, defendant stopped his car, both got out, examined the unattended car with a flashlight and saw no damage. They then drove away.

Mr. Paul testified that he was in bed, heard the crash, immediately looked out the window and called that he would be down in a minute, and that he saw the license number of defendant's car. By the time he reached the downstairs, defendant drove away "pretty fast".

Under this testimony the trial judge finds as a fact that defendant did not stop his car at the scene of this accident. If he did, he could not have failed to see the

obvious damage to the parked car. A momentary stop in order to change gears and direction is not a sufficient compliance with the act.

However, defendant contends that he is not properly charged with a misdemeanor under subsection (a) of section 1025 of The Vehicle Code, which requires the operator of any vehicle involved in an accident resulting in death or injury to a person or damage to property to stop the vehicle immediately at the scene of the accident, but he should have been charged with a summary offense under subsection (d) which covers the situation when the vehicle or property struck is unattended.

In other words, can a motorist be guilty of violating subsection (a) in a case where the car he has struck was unattended?

This question has been decided by President Judge Knight in Commonwealth v. Wolfendale, 43 D. & C. 230 (1941), in which it is said (p. 235):

"The gist of the offense is the failure to stop, and it seems to us that it makes little or no difference if the property is attended or unattended. . . .

"We are aware that in Commonwealth v. Kane, 38 D. & C. 480, a different conclusion is reached . . . but we are unable to agree. . . ."

Therefore, it is clear that the legislature did not intend to impose a heavier or lighter penalty depending upon whether the property struck by the "hit and run" driver was attended or unattended, but rather to add to the list of offenses one which covered the situation where the driver did stop his car at the scene but did nothing further about it to locate the owner of the unattended property or to disclose his identity.

And now, February 15, 1945, for the foregoing reasons, defendant, John K. Baker, is adjudged guilty of a violation of subsection (a) of section 1025 of The Vehicle Code and is directed to appear on Friday, March 2, 1945, at 10 a.m., in Courtroom "A" for sentence.